UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

**ROBERT CHARLES BALLARD** : **DOCKET NO. 10-cv-1447**

:

**VERSUS** : **JUDGE MINALDI**

:

**MICHAEL J. ASTREW, COMMISSIONER**
**OF SOCIAL SECURITY** : **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security benefits claimed under §§ 216(i) and 223 of the Social Security Act. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On March 12, 2007, plaintiff filed an application for disability insurance benefits alleging disability beginning on April 17, 2006. Tr. 105-109. The claim was initially denied on July 25, 2007. Tr. 73-76. Plaintiff requested and was granted an administrative hearing which was held on January 8, 2009. Tr. 32-70. Plaintiff was represented at the hearing by a non-attorney disability consultant, Anthony Mitchell. Plaintiff, along with a vocational expert, appeared and testified at the hearing. At the close of testimony the Administrative Law Judge (ALJ) informed plaintiff that he wanted plaintiff to undergo another psychological evaluation. Tr. 69.

On March 11, 2009, the ALJ informed plaintiff's consultant, Mr. Mitchell, that he had secured the psychological consultative report of Dr. Bryan Bolwahnn dated February 27, 2009.

-2-

Tr. 157-58.  On March 19, 2009 Mr. Mitchell requested by letter that a supplemental hearing be held and that a subpoena issue for Dr. Bolwahnn to attend the hearing for the purpose of cross examination.  Tr. 156.  Again, by letter dated May 13, 2009, Mr. Mitchell requested a supplemental hearing and the issuance of a subpoena for Dr. Bolwahnn.  Tr. 159-60.

Despite these requests, on May 20, 2009[1], the ALJ issued an unfavorable decision without granting a supplemental hearing.  Tr. 10-31.  In his decision, the ALJ found plaintiff was not disabled because he retained the residual functional capacity (RFC) to perform light work with certain limitations.  Tr. 18.

Plaintiff filed a request for appellate review of this decision and on August 17, 2010, his request was denied.  Tr. 5.  On September 20, 2010, plaintiff filed suit in this court appealing the determinations of the Commissioner.  Doc. 1.  Plaintiff contends that the ALJ erred when he failed to issue a subpoena for Dr. Bolwahnn and denied him the opportunity to cross examine the doctor at a hearing.

Following an answer in which the Commissioner denied plaintiff's entitlement to disability [doc. 7], the Commissioner sought reversal and remand pursuant to 42 U.S.C. § 405(g), sentence four.  The Commissioner submits two grounds for reversal and remand: (1) the ALJ did not adequately comply with the law, and (2) the transcript is deficient or defective.

In plaintiff's response, though not opposing the Commissioner's grounds for remand, he objects to the Commissioner's limited request for reversal and remand.  Specifically, plaintiff requests that the court reverse the denial of benefits and remand solely for the calculation of benefits due.

---

[1] There is conflicting evidence in the record about the exact date the ALJ decision was issued.  While the transcript the Commissioner filed into the record on August 23, 2012 [doc. 7] clearly indicates that the decision was issued on May 20, 2009, plaintiff attaches to his brief as Exhibit 1 [doc. 9, p.7-8] the first and last page of a decision by the ALJ dated September 15, 2009.

-3-

## LAW AND ANALYSIS

The Commissioner requests a remand in accordance with the fourth sentence of 42 U.S.C. § 405(g) which provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Initially, the court notes that a social security case should be remanded if additional proceedings can complete the record or cure any defects in the initial administrative hearings. *See Powell v. Chater,* 959 F.Supp. 1238, 1246 (C.D.Cal.1997).

First, the Commissioner notes that the ALJ failed to comply with Hearings, Appeals, and Litigation Law manual (HALLEX) I-2-5-78C and Acquiescence Ruling (AR) 91-1(5) and (2) when he denied plaintiff's request to subpoena Dr. Bolwahnn, the psychological consultative examiner. Both HALLEX I-2-5-78C and AR 91-1 adopt the Fifth Circuit holding of *Lidy v. Sullivan,* 911 F.2d 1075 (5th Cir.1990) and state that "when a claimant requests, prior to the closing of the record, that a subpoena be issued for the purpose of cross-examining an examining physician, the adjudicator *must* issue the subpoena." (emphasis original).

In *Lidy,* the Fifth Circuit held that due process entitles a disability claimant to cross examine individuals whose reports are considered as evidence in the disability determination. *Id.* at 1077. In this case, before the close of evidence, the ALJ stated:

> All right, that's all I'm going to need for today. Mr. Ballard, I am going to send you out for another psychological evaluation. They'll send you a notice of where it's going to be. It's going to be very important that you go.
>
> …
>
> And after I get that report, I'll look at everything and we'll take it from there and see what we can do.

Tr. 69.

By letter dated March 11, 2009, the ALJ informed plaintiff and his consultant that he had received the consultative report from Dr. Bolwahnn.  The letter informs plaintiff that he may "request a supplemental hearing at which you would have the opportunity to appear, testify, produce witnesses, and submit additional evidence …" and that he may "request that [the ALJ] issue a subpoena to require the attendance or the submission of records."  Tr. 157.  On two separate occasions plaintiff requested both a supplemental hearing and a subpoena for Dr. Bolwahnn.  The record does not indicate whether the ALJ even considered plaintiff's requests.  His decision was rendered without granting a supplemental hearing or issuing the subpoena.

After reviewing the decision in the record, this court concludes that the ALJ significantly relied on the medical opinion of Dr. Bolwahnn when issuing his opinion denying benefits.  *See* Tr. 22-24, 26, 29.  By refusing to grant a supplemental hearing and refusing to allow claimant the opportunity to cross examine Dr. Bolwahnn the ALJ violated due process standards.  This error requires remand.  *See Tanner v. Secretary,* 932 F.2d 1110 (5th Cir. 1991).

The Commissioner also notes that there is a discrepancy between the ALJ's opinion filed into the record by the Commissioner and that submitted as an attachment to his brief by plaintiff.  The transcript filed into the record contains a nineteen page "Notice of Decision – Unfavorable" electronically signed by ALJ Steven C. Graalmann dated May 20, 2009.  Tr. 13-31.  Plaintiff, however, attaches to his brief the first and last page of a twenty page "Notice of Decision – Unfavorable" hand signed by ALJ Steven C. Graalmann and dated September 15, 2009.  Doc. 9, p. 7-8.  Plaintiff maintains that he sought an appeal of the decision dated September 15, 2009, and the decision of the Appeals Council dated August 17, 2010, denied plaintiff's appeal of the ALJ's decision dated September 15, 2009.  Tr. 1-3.

Based on the documents before it, this court is uncertain and has no manner by which it may determine if the decision provided in the record dated May 20, 2009, is one and the same as the September 15, 2009 decision which claimant appealed from and which was considered by the Appeals Counsel. Certainly, we cannot review this case until we are certain that the decision provided to the court is the actual decision of the ALJ which denied claimant's application for benefits. Thus, this matter must be remanded on this basis as well.

Although plaintiff does not object to the court remanding the case, he requests that the court reverse the decision of the ALJ and award benefits and remand solely for the purpose of calculating benefits. The Commissioner maintains that an immediate award of benefits is justified only in limited circumstances such as when the evidence as a whole definitively establishes a disability.

After an examination of the entire record, we agree with the Commissioner that the record contains inconsistencies and unresolved issues that preclude an immediate award of benefits. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir.2000).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the Commissioner's decision should be **VACATED** and the matter **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that, upon remand, the ALJ is instructed to comply with HALLEX I-2-5-78C and AR 91-1(5). The ALJ is directed to allow the plaintiff a supplemental hearing to further develop the record and to issue a subpoena for Dr. Bolwahnn so that plaintiff can cross examine him regarding his consultative examination report. The ALJ shall further

evaluate plaintiff's mental impairments and residual functional capacity. Following the hearing, the ALJ is instructed to issue a new decision so that any ambiguity concerning whether the May 20, 2009, or September 15, 2009, decision is the actual decision of the Agency is resolved by the issuance of an entirely new decision.

    A separate order of remand is being issued herewith. As set forth in that order, the effect of the order will be suspended for a period of fourteen (14) days from today's date to allow the parties to appeal to the district court for review. Should either party seek review from the district court, then the effect of this order is suspended until final resolution of the issue by the district court.

    THUS DONE this 25th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE