RECEIVED
IN LAKE CHARLES, LA.

JUL 22 2013

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT CHARLES BALLARD | : | DOCKET NO. 2:10-CV-1447 –PM-KK |
| VS. | : | JUDGE MINALDI |
| MICHAEL J. ASTRUE, COMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is an Appeal and Objection Regarding the Magistrate Judge's Memorandum Ruling and Order Granting Commissioner's Motion to Remand [Doc. 15], filed by the plaintiff, Robert Charles Ballard. The defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner")[1] filed a response [Doc. 19], and the plaintiff filed a reply [Doc. 22]. For the reasons stated herein, the Magistrate Judge's ruling will be AFFIRMED.

## BACKGROUND

As the Magistrate Judge has thoroughly summarized the procedural background of this case in her previous Memorandum Ruling, the undersigned will not reiterate all of the details in this opinion. Essentially, the Magistrate Judge granted the Commissioner's Motion to Remand based on the Commissioner's argument that the Administrative Law Judge ("ALJ") had erroneously issued an unfavorable decision for the plaintiff. The Commissioner argued that

---

[1] The undersigned notes that, in the interim between the filing of this suit and the issuance of the Magistrate Judge's opinion and this opinion, Michael J. Astrue was replaced by Carolyn Colvin as Acting Commissioner of the Social Security Administration.

1

remand was proper solely because the ALJ had denied the plaintiff's request to subpoena Dr. Bryan Bolwahnn, PhD, who had conducted a psychological consultative report on the plaintiff.[2] The Magistrate Judge agreed, and thus vacated and remanded the plaintiff's case with an instruction to the ALJ to "comply with HALLEX I-2-5-78C and AR 91-1(5)" and to "allow the plaintiff a supplemental hearing to develop the record and to issue a subpoena for Dr. Bolwahnn so that plaintiff can cross examine him regarding his consultative examination report."[3] The Magistrate Judge denied the plaintiff's request to award benefits in the interim, however, finding that "the record contains inconsistencies and unresolved issues that preclude an immediate award of benefits."[4]

The plaintiff now appeals the Magistrate Judge's decision. He does not contest the Magistrate Judge's finding that remand is proper; rather, he argues that the Magistrate Judge erred in deciding not to reverse the ALJ's decision, award interim benefits, and remand solely for the purpose of calculating benefits.

## STANDARD OF REVIEW

Magistrate judges are empowered by the United States Code to "hear and determine" non-dispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th

---

[2] Def.'s Mot. to Remand, [Doc. 10], at p. 2.

[3] Mem. Ruling on Mot. to Remand, [Doc. 13], at p. 5.

[4] *Id.*

Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## LAW & ANALYSIS

The parties' sole contention in this appeal is whether the Magistrate Judge erred in failing to award interim benefits to the plaintiff after deciding to remand the case to the ALJ. As correctly noted by the Commissioner, the Social Security Act authorizes the payment of benefits on an interim basis only if: (1) an individual applying for Supplemental Social Security Income ("SSI") benefits is determined to be presumptively disabled and otherwise eligible for SSI, *see* 42 U.S.C. § 1383(a)(4)(B); (2) a claimant whose benefits have been awarded and then terminated based on "medical improvement" requests that his benefits continue until a determination is made following a hearing, *see* 42 U.S.C. § 1383(a)(7); or, (3) an ALJ has determined that a claimant is entitled to benefits, and the Commissioner's final decision is not issued within 110 days, *see* 42 U.S.C. § 1383(a)(8)(A).

### I.  Exception One: Award of Interim SSI Benefits under Certain Circumstances

Under the first exception, the Commissioner may award benefits for up to six months before a determination of disability to an individual who applies for SSI benefits, meets the standard of presumptive disability, and is otherwise eligible. 42 U.S.C. § 1383(a)(4). Importantly for this case, however, the plaintiff is applying for Disability Insurance Benefits ("DIB"), not SSI benefits. Thus, this exception is inapplicable.

Further, reviewing the cases that the plaintiff cites for the general premise that a court may equitably award interim benefits in certain circumstances, these cases are similarly distinguishable: the courts all addressed an interim award of SSI benefits exclusively. *See Rivera v. Apfel*, 99 F.Supp. 2d 358 (S.D.N.Y. 2000) (awarding SSI benefits to a minor child applicant because of "undue delay" on part of ALJ and particular prejudice inherent in delaying

3

award of benefits to a child), *vacated as moot*, 2000 WL 33647061 (2d Cir. Nov, 14, 2000); *Hoffman v. Apfel*, 122 F.Supp. 2d 1001 (N.D. Iowa 2000) (awarding interim SSI benefits to an adult applicant upon finding an "undue delay" in administrative process and clear prejudice to the applicant). In the absence of case law saying otherwise, the court will not extend the reasoning in SSI cases to this DIB case.

## II.     Exception Two: Benefits Reinstatement

Under the second exception, an applicant whose benefits were first awarded and then subsequently terminated based on medical improvement may elect to have his benefits continue until a determination is made following a hearing. 42 U.S.C. § 1383(a)(7) *see also Vanderbilt v. Astrue*, 240 Fed. App'x. 661 (5th Cir. 2007) (upholding the district court decision to deny immediate award of interim benefits after the applicant had initially received benefits and then had them terminated). Interim DIB benefits are not available for an applicant who has not been previously awarded disability benefits. *See Whipple v. Barnhart*, No. 01-MC-6010, 2002 WL 441244 (W.D.N.Y. Jan. 10, 2002) ("[T]he Social Security Act does not provide for an award of interim benefits in 'original entitlement' cases such as this. Rather, the statute permits an award of interim benefits only in situations where the claimant has already been found entitled to receive benefits…"). In this instance, the plaintiff does not allege that he was previously awarded benefits that were later terminated based on medical improvement. Accordingly, this exception is inapplicable.

## III.     Exception Three: Delay of Appeals Council

Under the third exception, the applicant must show that the ALJ found that the applicant was entitled to benefits, but the Commissioner's decision was not issued within 110 days of the ALJ's decision. 42 U.S.C. § 1383(a)(8)(A). As the record reveals that the ALJ did not make a

favorable finding for the plaintiff, this exception is similarly inapplicable.

### IV.    Bad Faith

The plaintiff, citing to an Equal Access to Justice Act case, also makes the assertion that the ALJ's failure to issue a subpoena, and the Commissioner's resulting delay in admitting this failure, constitute bad faith requiring an immediate award of benefits. *Baker v. Bowen*, 839 F.2d 1075 (5th Cir 1988) (discussing whether Secretary of Health & Human Services should have to pay the Social Security applicant's attorney's fees under EAJA because of bad faith on the part of the Secretary). The court notes that *Baker* does not address a § 405(g) review of a disability claim, and thus it does not provide guidance in this case.

Further, in the Fifth Circuit and beyond, a court can reverse an ALJ decision and direct that benefits be paid (as opposed to remanding for further proceedings) only when the uncontroverted evidence clearly establishes that a claimant is disabled under the Social Security Act. *See, e.g., Taylor v. Bowen*, 782 F.2d 1294, 1299 (reversing decision of ALJ and directing an award of disability benefits); *Salazar v. Barnhart,* 468 F.3d 615, 626 (10th Cir. 2006) (holding that a remand directing an award of benefits is appropriate where "given the available evidence, remand for additional fact-finding would [not] serve [any] useful purpose but would merely delay the receipt of benefits."); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) (holding that an award of benefits is appropriate only where all factual issues have been resolved and "the record can yield but one supportable conclusion."). Reviewing the record, the undersigned finds that it was not clearly erroneous or contrary to law for the Magistrate Judge to find that "the record contains inconsistencies and unresolved issues that preclude an immediate award of benefits." Accordingly, for all of the reasons set forth herein,

5

**IT IS ORDERED** that the Magistrate Judge's ruling on the Motion to Remand is **AFFIRMED**.

Lake Charles, Louisiana, this 22 day of July 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE